SHOPE, ZANE, BUSBY & WEBER, E. R. BLISS and GEO. GILLETTE, for appellants.

ELIJAH N. ZOLINE, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. CORPORATIONS, § 179*—when mandamus to compel inspection of records will be denied. Where it appears that a shareholder seeks inspection of the records and books of account of the corporation for an unlawful purpose, as for levying blackmail, as distinguished from a merely improper purpose, a writ of mandamus to compel such inspection will be denied.

2. CORPORATIONS, § 179*—when answer to petition to compel inspection of records is insufficient. Where an answer to a petition for a writ of mandamus by a shareholder to compel inspection of the books of the corporation alleges by argument, conjecture and conclusion that the purpose of the petitioner is to levy blackmail and does not allege any actual threats or demands, the answer is insufficient.

3. CORPORATIONS, § 179*—when demand to inspect records is sufficient. Where the answer to a petition for a writ of mandamus by a shareholder to compel inspection of the books of the corporation admits a general demand to inspect by the petitioner and asserts the right and intention of the respondents to ignore and refuse such demand, the demand is sufficient.

---

Mary A. Felgar, Executrix, for use of H. H. Felgar, Plaintiff in Error, v. John L. Bolen, Defendant in Error.

Gen. No. 18,040.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed November 21, 1913.

---

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

## Statement of the Case.

Action by Mary A. Felgar, as executrix of the estate of William H. Felgar, for the use of H. H. Felgar, against John H. Bolen and Edmond S. Holmstrom to recover damages for the breach of a written contract for the conveyance of land. From a judgment in favor of the defendant Bolen, the case having been voluntarily dismissed as to the defendant Holmstrom, the plaintiff brings error.

HARRY H. FELGAR, for plaintiff in error.

PARK PHIPPS, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. VENDOR AND PURCHASER, § 159*—*interest acquired by purchaser.* From the time of a contract for the sale of land the vendor, as to the land, becomes a trustee for the vendee and the vendee, as to the purchase money, a trustee for the vendor, who has a lien upon the land therefor; when the vendee has fully performed or has tendered full performance, he has an equitable title to the property described in the contract.

2. EXECUTORS AND ADMINISTRATORS, § 122*—*when executrix cannot rescind contract for sale of land.* Where a vendee has performed or tendered performance of a contract for the sale of land, his executrix has no such interest in the subject-matter of the contract as will permit her to rescind it and maintain an action to recover damages for its breach as the vendor's rights under the contract pass to his heirs at law, and not to his personal representative.

3. VENDOR AND PURCHASER, § 114*—*when contract of sale is merged in conveyance.* Where a contract for the sale of land requires the vendor to furnish an abstract of title and a title guaranty policy, the vendee's demand for and acceptance of all the land operates to extinguish the contract and merge it in the conveyance, and an action cannot be maintained by the vendee, his personal representatives or assigns to recover damages for a breach of the contract.